# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 25-1896C
(Filed: February 12, 2026)

|  |  |
|---|---|
| **JUNIOR-TONY DIEUJUSTE**, | ) |
| *Plaintiff,* | ) |
| v. | ) |
| **UNITED STATES**, | ) |
| *Defendant.* | ) |

*Junior-Tony Dieujuste*, Cambria Heights, NY, pro se plaintiff.

*Jhaniel James*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.  With him on the brief were *Brett A. Shumate*, Assistant Attorney General, and *Scott Bolden*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.

## ORDER OF DISMISSAL

On November 3, 2025, pro se plaintiff Junior-Tony Dieujuste filed this action against the United States, principally asserting that the federal government—acting through two "federally funded state agents" (i.e., New York state court officials)—exploited his trademarked name by issuing orders in a state family court proceeding that listed him as an obligor without his consent.  ECF 1.  The United States, citing the limits of the Court's subject-matter jurisdiction and asserting that Mr. Dieujuste fails to plead a cognizable claim, moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC).  ECF 8.  Mindful that Mr. Dieujuste is proceeding pro se, the Court construes his pleading liberally.  *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir.

2005) (citing cases).  Nevertheless, this matter must be dismissed for the simple reason that this Court lacks subject-matter jurisdiction over Mr. Dieujuste's claims.[1]

Two years before filing this action, on October 19, 2023, Mr. Dieujuste filed a similar case in the United States District Court for the Eastern District of New York, *Dieujuste v. Sin*, No. 23-7805 (E.D.N.Y.).  In that case, Mr. Dieujuste alleged that two state actors—the same individuals named in this case—violated federal trademark and copyright law, committed slander and libel, and "fail[ed] to protect or act" by including his name in court documents.  *See Dieujuste v. Sin*, 731 F. Supp. 3d 440 (E.D.N.Y.) (*Dieujuste I*), *reconsideration denied*, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), *aff'd*, 125 F.4th 397 (2d Cir.) (*Dieujuste II*) (per curiam), *cert. denied*, 146 S. Ct. 119 (2025) (mem.).  The prior litigation and this matter share essentially the same factual background.

On June 29, 2022, a petition seeking current and retroactive child support was brought against Mr. Dieujuste.  ECF 1-2 at 3–4, 24.  At the conclusion of a February 22, 2023 hearing before the Family Court of the State of New York, Queens County, the presiding official "issued a Temporary Order of Support directing [Mr. Dieujuste] to remit ongoing child support payments."[2]  *Dieujuste I*, 731 F. Supp. 3d at 444.  Thereafter, on April 18, 2023, and October 4, 2023, respectively, the family court officials issued an Income Withholding for Support order and a National Medical Support Notice.  ECF 1-2 at 17–32.  Both forms directed Mr. Dieujuste's employer to garnish his wages to satisfy unfulfilled child support payment and healthcare obligations.  *Id.*

One day before the family court issued the April 18, 2023 wage-garnishment order, Mr. Dieujuste registered his assumed name with the New York Department of State as a Class 36 service mark dating back to October 27, 1980.[3, 4]  ECF 1-2 at 34.

---

[1] The government filed its motion to dismiss on January 20, 2026.  Mr. Dieujuste filed his response on February 9, 2026.  Defendant's reply brief and oral argument are not necessary to resolve the jurisdictional issue addressed in this order.

[2] After the events giving rise to this action, and before this case was filed, the presiding official was elevated from a Support Magistrate to a Family Court Judge.  *See Family Court Judges*, NYC MAYOR'S ADVISORY COMM. ON THE JUDICIARY, *available at* https://perma.cc/L3MB-9D83.

[3] The exhibits appended to Mr. Dieujuste's complaint include a Certificate of Assumed Name filed with the Office of the Minnesota Secretary of State on February 21, 2023.  ECF 1-2 at 41–42.  For reasons unknown to the Court, Mr. Dieujuste litigates under the name "Junior-Tony Dieujuste" (hyphenated) though his assumed name and his registered mark are "Junior Tony Dieujuste" (non-hyphenated). *Compare, e.g.*, ECF 9 at 1 (response brief listing plaintiff's name as "Junior-Tony Dieujuste"), *with* ECF 1-2 at 34 (registering the service mark, "Junior Tony Dieujuste").  Adding to the confusion, he signs his name with a colon before his surname.  *E.g.*, ECF 9 at 4 (signature block listing the name "Junior-Tony: Dieujuste").

[4] "Class 36 includes mainly services relating to banking and other financial transactions, financial valuation services, as well as insurance and real estate activities."  *Class 36*, WORLD INTELL. PROP. ORG., *available at* https://perma.cc/7PAA-BHQF.

On or about April 27, 2023, Mr. Dieujuste reportedly served a Notice of Trademark Infringement on the family court Support Magistrate and Clerk of Court. ECF 1 at 3; ECF 1-2 at 36. Attached to the notice was Mr. Dieujuste's "Fee Schedule," listing various financial penalties for corresponding "transgressions" ranging from $500 to $500,000 (plus treble damages, at plaintiff's discretion). ECF 1-2 at 57–61. Six weeks later, Mr. Dieujuste prepared a Certificate of Non-Response and Failure to Contest Affidavit. ECF 1 at 3; ECF 1-2 at 63–66. Mr. Dieujuste then filed the above-referenced federal district court action seeking to enforce the transgression fees by default judgment.

Dismissing the action for lack of subject-matter jurisdiction, the district court explained: the two state court officials were "entitled to absolute immunity in their capacity as judicial officers"; the Domestic-Relations Abstention Doctrine required the district court "to abstain from exercising its federal question jurisdiction over squarely matrimonial matters"; and "the *Rooker-Feldman* doctrine bar[red] [Mr. Dieujuste]'s claims to the extent that he s[ought] review of state court judicial proceedings and determinations." *Dieujuste I*, 731 F. Supp. 3d at 447. The district court alternatively dismissed Mr. Dieujuste's action for failure to state a claim upon which relief can be granted because he failed to allege facts in support of his defamation and failure to protect or act claims and asserted a frivolous trademark infringement claim. *Id.* at 452–54. Following the district court's denial of Mr. Dieujuste's motion for reconsideration, *Diejusute*, 734 F. Supp. 3d at 234, the United States Court of Appeals for the Second Circuit affirmed, additionally noting that Mr. Dieujuste failed to "plausibly allege[] that [the state court officials] used his claimed mark 'in commerce.'" *Dieujuste II*, 125 F.4th at 400 (quoting *1-800 Contacts, Inc. v. JAND, Inc.*, 119 F.4th 234, 246 (2d Cir. 2024)). The United States Supreme Court denied Mr. Dieujuste's petition for a writ of certiorari on October 6, 2025. *Dieujuste*, 146 S. Ct. at 119.

Mr. Dieujuste filed this action a week later, asserting trademark infringement, an "unlawful taking" without just compensation in violation of the Fifth Amendment to the United States Constitution, and declaratory relief.[5] ECF 1 at 3–4. He seeks

---

[5] In the "Factual Allegations" portion of his complaint, Mr. Dieujuste also asserts that the government's "[r]efusal to license after notice violates procedural due process." ECF 1 at 3 (emphasis omitted) (citing *Zinermon v. Burch*, 494 U.S. 113 (1990)). On this issue, "[t]he law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Hitsman v. United States*, 825 F. App'x 859, 862 (Fed. Cir. 2020) (first quoting *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013); and then citing *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995)); *accord Dicrescenzo v. United States*, 166 Fed. Cl. 384, 385 (2023) (dismissing Fourteenth Amendment due process claim for lack of subject-matter jurisdiction). Accordingly, the Court must dismiss Mr. Dieujuste's procedural due process claim. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

more than $150,000 in compensatory damages, injunctive relief to prevent the use of his name in future child support proceedings, declaratory judgment, and costs and fees. ECF 1 at 4–5. In response to the government's dispositive motion, Mr. Dieujuste conceded and withdrew his trademark infringement and declaratory relief claims. ECF 9 at 2; *see, e.g.*, *Moss v. United States*, 101 Fed. Cl. 611, 619 (2011) (dismissing portion of pro se complaint where plaintiff, in his reply brief, "appear[ed] to concede that this court is not the proper forum" and "request[ed] [that] the Court dismiss[] that portion of the [claim]" (some alterations in original)). Thus, the sole remaining claim is Mr. Dieujuste's Fifth Amendment takings claim.

In stating his takings claim nominally against the United States, Mr. Dieujuste attributes the government action to two "federally funded *state* agents." ECF 1 at 2 (emphasis added). As a starting point, the Court lacks subject-matter jurisdiction over claims against individuals or entities other than the United States. *Chisum v. United States*, No. 25-1562, 2025 WL 2836408, at *2 (Fed. Cir. Oct. 7, 2025) (per curiam) (quoting *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Mr. Dieujuste nonetheless asserts that, even though the alleged wrongs were committed by state—not federal—agents, the federal government's provision of "the lion's share of funding" for New York's child support system provides the Court with jurisdiction over this matter. ECF 9 at 3; ECF 1 at 2. Not so. A state agency's receipt of federal funding does not expose the federal government to potential liability in this Court for the state agency's allegedly unlawful actions. *See Polinski v. United States*, No. 24-1810, 2025 WL 635638, at *1 (Fed. Cl. Feb. 26, 2025) ("As the court previously explained, this court's jurisdiction is limited to claims against the United States. Even if the federal government is funding [a state entity], that is not sufficient to make the United States liable for the alleged actions of the [state entity]."), *aff'd*, No. 25-1578, 2025 WL 1441953 (Fed. Cir. May 20, 2025), *cert. denied*, __ S. Ct. __, No. 25-6298, 2026 WL 135698 (U.S. Jan. 20, 2026) (mem.); *Bram v. United States*, 102 Fed. Cl. 752, 754 (2012) ("Receipt of federal funds does not make an entity an agent of the United States." (citing *Chas. H. Tompkins Co. v. United States*, 230 Ct. Cl. 754 (1982))). Nor does the federal government's imposition of "strict 'substantial compliance' audits on state programs" permit the Court to exercise jurisdiction over Mr. Dieujuste's takings claim. ECF 9 at 3; *see Duncan v. United States*, No. 04-1845, 2007 WL 5160386, at *4 (Fed. Cl. Aug. 20, 2007) ("The fact that [a state agency] receives grants from and complies with monitoring and contractual requirements of a federal agency . . . does not make [the state agency] an agency, agent, or a contract employee of the federal government." (citations omitted)); *Malone v. United States*, 34 Fed. Cl. 257, 261 (1995) ("A local authority . . . does not become an agent of the Federal Government even though a Federal agency controls and supervises a grant of funds. Indeed, when the Federal Government disburses grant funds it is both appropriate and necessary for it to establish standards and requirements for projects and have oversight of these funds." (citation omitted)). Accordingly, Mr. Dieujuste's remaining claim must be dismissed for lack of subject-matter jurisdiction.

For the foregoing reasons,

(1) Defendant's motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted (ECF 8) is **GRANTED**;

(2) The Clerk of Court is directed to **VACATE** defendant's February 23, 2026 reply deadline;

(3) Plaintiff's complaint (ECF 1) is **DISMISSED** for lack of subject-matter jurisdiction;

(4) The Clerk of Court is directed to **DISMISS** plaintiff's complaint for lack of subject-matter jurisdiction; and

(5) The Clerk of Court is directed to **ENTER** judgment accordingly.

It is so **ORDERED**.

_____
Armando O. Bonilla
Judge